1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    MIHAL EMBERTON,                          Case No.  22-cv-05440-TSH

8                  Plaintiff,

9         v.                                  **ORDER STRIKING FEDERAL
                                              CLAIMS AND REMANDING STATE
10   SAN FRANCISCO CITY GOVERNMENT,           LAW CLAIMS**

11                 Defendant.

12

13        On September 23, 2022, Defendant removed this case from San Francisco Superior Court.

14   ECF No. 1.  On February 15, 2023, the Court granted Defendant's Motion for Judgment on the

15   Pleadings as to Plaintiff's federal law claims and deferred decision on Plaintiff's state law claims.

16   ECF No. 19 at 16.  As the Court explained, "[b]ecause it is unclear whether Plaintiff will be able

17   to state a federal claim – and the federal claims provide the basis for this Court's jurisdiction – and

18   because of concerns raised by the City as to the ripeness of Plaintiff's state law claims and

19   concerns of the Court related to comity, the Court does not address Defendant's arguments in

20   favor of judgment on the pleadings for the state claims at this time." *Id*. at 15.  The Court granted

21   Plaintiff leave to amend certain federal claims.  *Id.*  at 16.

22        Plaintiff filed a Second Amended Complaint on April 11, 2023 raising only federal claims.

23   ECF No. 23.  On June 13, 2023, the Court granted dismissal of Plaintiff's federal claims pursuant

24   to 42 U.S.C. § 1983 without prejudice based on *Younger*[1] abstention.  ECF No. 35 at 19.  The

25   Court granted dismissal of Plaintiff's federal claim under the Racketeering Influenced and Corrupt

26   Organizations Act and denied leave to amend.  *Id.*

27

28   [1] *Younger v. Harris*, 401 U.S. 37 (1971).

United States District Court
Northern District of California

Plaintiff's Second Amended Complaint did not include any state law claims. That meant that no state law claims were then before the Court. However, the Court doubted that Plaintiff intended to drop her state law claims. The Court considered Plaintiff's *pro se* status and the lack of clarity in its prior Order, and granted Plaintiff leave to amend solely as to her state law claims. *Id.* at 18-19. The Court instructed that upon submission of an amended complaint, the Court would remand the action for further proceedings on the state law claims. *Id.* at 19.

On July 11, 2023, Plaintiff filed a Third Amended Complaint. ECF No. 36. The Third Amended Complaint raises state law claims, but also appears to include federal claims pursuant to 42 U.S.C. § 1983. *See, e.g.*, ECF No. 36 at 9. To the extent Plaintiff raises federal claims in the Third Amended Complaint, the Court **STRIKES** such claims, as they exceed the scope of leave to amend.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court now declines to exercise supplemental jurisdiction over Plaintiff's state law claims because the Court has dismissed all of the claims over which it has original jurisdiction. The Court therefore **REMANDS** Plaintiff's state law claims to San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: July 21, 2023

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2